Opinion of the Court.
Slaughter holding an obligation on a certain Robert Moore for the conveyance of a lot of ground in the town of Bowlinggreen, sold the same to Tindle, for $800, and gave his obligation for a conveyance, describing therein the lot to contain 162 ½ feet fronting *359 main north street, and 210 feet back. All of this lot except 50 feet front and 210 feet back, was afterwards sold by Tindle to a certain Biggs, and the obligation which was given for a title by Slaughter to Tindle was delivered over by Tindle to Biggs, but without being assigned, and not for the purpose of vesting in Biggs any interest in the part of the lot not sold by Tindle. Subsequent to this, Tindle exhibited his bill in equity, making Moore, Slaughter and Biggs defendants for the purpose of obtaining a title to himself for that part of the lot which he had not sold to Biggs, and for the purpose of compelling a conveyance of the residue to Biggs, if either Moore or Slaughter possessed the title, but doubts were suggested in the bill as to the title of that part which was unsold by Tindle, and in case a good title could not be made, the bill asks a decree against Slaughter for compensation, &c. The cause was heard, and as to the claim of Tindle, a decree was pronounced, ordering Slaughter to pay Tindle $246 90 cents, it being the same proportion of the original price given by Tindle for the lot that the part which had not been sold by Tindle, bears to the whole lot, and Slaughter was also decreed to pay interest on the amount from the 22nd of September, 1818 until paid and costs.
Statement of the case.
A bill in equity for the specific execution of a contract, may contain a prayer for compensation in damages, if the appropriate relief cannot be obtained ; and under particular circumstances, compensation in damages will be decreed.
*359 From that decree Slaughter has appealed, and without questioning the regularity of the proceedings, the assignment of errors controverts the decree against Slaughter on the merits. It is first objected, that the remedy of Tindle was properly at law, and that a court of equity ought not to have taken cognizance of the cause.
1. It is evident, however, that the application of Tindle was correctly made to a court of equity. It is true, the relief given, sounds exclusively in damages, and generally, compensation in damages should be sought in a court of law, and not in equity. But courts of equity alone possess the power of enforcing the specific execution of contracts, and connected with a prayer for a specific execution a bill may, as that exhibited by Tindle has done, contain a prayer for compensation in damages, and under proper circumstances, compensation in damages will be decreed by the court.
But in such a case, it is improper to decree interest until paid on the sum allowed as compensation.
2. But it is urged that the circumstances of this cass are not such as to authorise a decree for compensation. This court, however, thinks differently. No title is shewn to be either in Moore or Slaughter, for that part of the lot now claimed hy Tindle, and from their answers, it is rather to be inferred, that neither possesses the title; and if they have no title, Slaughter’s contract cannot be specifically enforced ; and the only redress which Tindle can obtain, is that of compensation in damages, which is given by the decree of the circuit court. We are also of opinion that the amount of compensation was correctly made to bear the same proportion to the price given by Tindle for the whole lot, that the part of the lot claimed by him bears to the entire lot. But we think the court erred in decreeing running interest, after the time of rendering the decree.
It is, therefore, decreed and ordered, that that part of the decree as to the interest accruing subsequent to the decree be reversed and set aside, and as to the residue of the decree, that it be affirmed.